IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10254
_____

PEOPLES BENEFIT LIFE INSURANCE COMPANY,

Plaintiff - Appellee,

versus

DALE LARSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
(USDC No. 4:01-CV-900-A)
_____

July 30, 2002

Before JOLLY, SMITH, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

After considering the record, briefs, and oral argument in this case, we hold that this litigation should be stayed pending arbitration. Although it is clear from the district court's good opinion that it carefully considered the merits of this case, we think that it nonetheless erred by failing to give proper weight to (1) the interconnected nature of the four contemporaneously executed agreements at issue and (2) the broad "related to"

[*]Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

language contained in the arbitration clause of the Conditional Guaranty. See Personal Security & Safety Systems, Inc. v. Motorola, Inc., __ F.3d __, 2002 WL 1413702 at *5 (5th Cir. July 1, 2002) ("In sum, we hold that, where the parties include a broad arbitration provision in an agreement that is 'essential' to the overall transaction, we will presume that they intended the clause to reach all aspects of the transaction -- including those aspects governed by other contemporaneously executed agreements that are part of the same transaction."); Neal v. Hardee's Food Sys., Inc., 918 F.2d 34, 38 (5th Cir. 1990) ("We hold that when the parties included a broad arbitration clause in the essential License Agreements covering 'any and all disputes,' they intended the clause to reach all aspects of the parties' relationship including the purchase of the physical properties.").

The fact that Larson was not a signatory on each of the four agreements does not distinguish this case from Neal and Personal Security. With an eye towards the Larson Group's primary liability for the debt under the Security and Reimbursement Agreement, Peoples Benefit deliberately chose to limit Larson's individual liability in the Conditional Guaranty. The Conditional Guaranty specifically directs that the two agreements should be interpreted together. Both contracts contain a broad arbitration provision. The parties negotiated the Conditional Guaranty as part of their overall goal to hold Larson Group liable broadly but limit Larson's individual liability to cases of criminal conduct or breaches of

2

the Employment Agreement.  As a consequence, claims that Larson fraudulently induced Peoples Benefit to participate in this transaction should be arbitrated.

We therefore reverse the district court and remand for the entry of a stay pending arbitration.

REVERSED AND REMANDED.